UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| | ) |
| v. | ) Case No. 1:13-cr-00023-HAB-SLC |
| | ) |
| | ) |
| JUAN SANDOVAL | ) |

**OPINION AND ORDER**

Before the Court is the Government's Motion for Turnover to Authorize Payment from Inmate Trust Account filed on May 11, 2021, asking the Court for an order pursuant to 18 U.S.C. §§ 3613(a) and 3664(k) and (n) authorizing the Federal Bureau of Prisons ("BOP") to turn over to the Clerk of Court $2,655.00 of the $2,923.23 held in Defendant's inmate trust account, to be applied as payment toward the restitution imposed in this case. (ECF 105). On June 7, 2021, Defendant filed a response in opposition, asserting that the Government's motion amounts to a breach of contract given his participation in the BOP's Inmate Financial Responsibility Program. (ECF 106). The Government filed a reply on June 10, 2021 (ECF 107), and on July 12, 2021, Defendant filed an unsolicited sur-reply (ECF 108). Accordingly, the matter is ripe for adjudication. For the following reasons, the Government's motion (ECF 105) is GRANTED.

**A. Factual and Procedural Background**

On January 14, 2014, Defendant was sentenced to a term of one hundred and sixty-eight months imprisonment and ordered to pay restitution in the amount of $3,100.00 and a $200 special assessment.[1] (ECF 55 at 2, 5; ECF 105 ¶ 1). The judgment reflects that the restitution—

---

[1] The Government reports that Defendant has paid the $200 special assessment in full. (ECF 105 ¶ 1).

which was "due immediately"—was to be paid at a minimum rate of $50 per month, starting thirty days after placement on supervision until said amount is paid in full. (ECF 55 at 6).

Defendant is presently in federal custody at the Federal Correctional Institution in Glenville, West Virginia, with a scheduled release date of November 30, 2022. (ECF 105 ¶ 2). The Government reports that it was recently informed that the BOP, an agency within the United States Department of Justice, currently maintains in its possession, custody, or control approximately $2,923.23 in Defendant's inmate trust account.[2] (ECF 107 ¶ 1).

The Government reports that Defendant's outstanding restitution balance was $2,655.00 the date the motion was filed. (ECF 105 ¶ 1; *see also* ECF 106 at 4). The Government seeks a Court order authorizing the BOP to turn over $2,655.00 of the funds in Defendant's inmate trust account to the Clerk of the Court as payment toward Defendant's outstanding restitution balance. (ECF 105 ¶ 3).

As mentioned, Defendant primarily contends that he entered into a contract with the Government by way of the Inmate Financial Responsibility program, and that "[t]he [G]overnment [breached] the payments agreements [sic] by arbitrarily seeking for full payments from the defendant." (ECF 106 at 1; *see also* ECF 108 at 1). Defendant also requests that he be "granted half of the money [because of] the COVID-19 Pandemic." (ECF 108 at 1).

### B. Legal Standard

"A court order imposing restitution serves as a lien in favor of the Government on all of a defendant's property not exempted by 18 U.S.C. § 3613(a)(1)." *United States v. Davis*, No. 3:14-CR-47 JD, 2021 WL 2678765, at *1 (N.D. Ind. June 30, 2021) (citing *United States v.*

---

[2] However, Defendant attached a copy of his Inmate Trust Account Ledger showing a balance of just $2,551.48 as of June 8, 2021. (ECF 108 at 4).

*Sayyed*, 862 F.3d 615, 618 (7th Cir. 2017)); *see also* 18 U.S.C. § 3613(c). "This means the [G]overnment steps into the defendant's shoes, 'acquir[ing] whatever rights the [defendant] himself possesses.'" *Sayyed*, 862 F.3d at 618 (second and third alteration in original) (quoting *United States v. Nat'l Bank of Com.*, 472 U.S. 713, 725 (1985)); *see United States v. Doyle*, No. 10 CR 30057-DWD, 2021 WL 1814989, at *1 (S.D. Ill. May 6, 2021) ("Federal law gives the Government a lien on all of Defendant's property, just as if the United States held a tax lien on his property." (citing 18 U.S.C. § 3613(c); *United States v. Lemberger*, 673 F. App'x 579, 580 (7th Cir. 2017))). "Payments into an inmate's trust account do not fall into an exempted category [under the tax code]." *Davis*, 2021 WL 2678765, at *1 (citing 18 U.S.C. § 3613(a)(1)).

If a defendant who is obligated to provide restitution "receives substantial resources from any source . . . during a period of incarceration, [he] shall be required to apply the value of such resources to any restitution or fine still owed." 18 U.S.C. § 3664(n); *see United States v. White*, 745 F. App'x 646, 648 (7th Cir. 2018) ("[A]n inmate who receives money from any source *must* apply it to restitution still owed."); *Lemberger*, 673 F. App'x at 580 (same); *Davis*, 2021 WL 2678765, at *1 (same). An order of restitution may be enforced by the Government through "all . . . available and reasonable means." 18 U.S.C. § 3664(m)(1)(A)(ii); *see also Lemberger*, 673 F. App'x at 580.

"[W]hen the property is within the Government's control, like it is here with respect to Defendant's inmate trust account, the 'reasonable means' provision allows for the Government to seek a turnover order from the Court that issued the restitution order." *United States v. Curry*, No. 2:06-cr-00011-LJM-CMM, 2017 WL 10457419, at *1 (S.D. Ind. Aug. 11, 2017) (citation omitted); *see also Davis*, 2021 WL 2678765, at *1 ("[A] motion for transfer of funds is proper . .

. when the funds at issue are within the custody and control of the BOP, as they are in this case." (citing *United States v. Meux*, 597 F.3d 835, 837 (7th Cir. 2010))).

### C. Analysis

Ultimately, Defendant's argument in opposition to the motion is not grounded in the law. A defendant's participation in the BOP's Inmate Financial Responsibility Program does not preclude the Government from seeking the remaining funds in his inmate trust account for his outstanding restitution. *See Lemberger*, 673 F. App'x at 580 (granting the Government's request for turnover of the defendant's inmate trust account despite defendant's participation in the BOP's inmate payment program). "[The Inmate Financial Responsibility Program] and the government's ability to collect restitution are not mutually exclusive." *Id.*

On the contrary, the applicable law clearly provides that where Defendant "receives substantial resources from *any source* . . . during a period of incarceration, [he] shall be required to apply the value of such resources to any restitution or fine still owed." 18 U.S.C. § 3664(n) (emphasis added); *see also White*, 745 F. App'x at 648. Defendant does not cite to any caselaw[3] or statute "that prohibits a transfer to pay restitution or places the funds in an exempted category under § 3613(a)(1)." *Davis*, 2021 WL 2678765, at *2.

---

[3] Defendant does cite to *United States v. Coates*, 178 F.3d 681 (3d Cir. 1999); *United States v. Fischer*, 3:17-374, 2021 WL 120842 (M.D. Penn. 2021); and *United States v. London-Clayton*, 487 F. Supp. 3d 626 (E.D. Mich. 2020) in his sur-reply. (ECF 108 at 1). None of these opinions, though, are particularly persuasive. First, neither the *Coates* nor *London-Clayton* opinion supports Defendant's arguments. The Third Circuit Court of Appeals in *Coates*, for example, reviewed the district court's failure to "specify in the restitution order the manner in which, and the schedule according to which, the restitution is to be made" pursuant to 18 U.S.C. § 3664(f)(1)(A)(2). 178 F.3d at 684. It did not comment on the Government's ability to enforce a restitution "by all . . . available and reasonable means" pursuant to 18 U.S.C. § 3664(m)(1)(A)(ii). The court in *London-Clayton*, considered a defendant's *inability* to make restitution payments due to the Covid-19 Pandemic. 487 F. Supp. 3d at 629. While the district court in *Fischer* did decline to authorize the turnover of additional funds in the defendant's inmate trust account due to the defendant's compliance with the court's restitution payment schedule, *see* 2021 WL 120842, at *3, the decision is not binding on this Court. Further, the court in *Fischer* apparently failed to consider 18 U.S.C. § 3664(n)'s seemingly mandatory language requiring that "substantial resources from any source . . . [be applied] to any restitution or fine still owed." Accordingly, the Court declines to adopt *Fischer's* reasoning here.

Finally, while Defendant's concern regarding the ongoing Covid-19 pandemic is understandable, his concern nonetheless "does not negate § 3664(n)'s applicability to his situation." *Id.* Rather, the Government's request to transfer funds from Defendant's inmate trust account to pay for his restitution "is proper pursuant to both § 3664(k) and § 3664(n)." *Id.*; *see Curry*, 2017 WL 10457419, at *2 (granting the Government's motion for a turnover order where the defendant "mad[e] no showing that the money in the trust account is not a 'substantial resource' he received 'during a period of incarceration . . . ,' or that it is otherwise exempt under the applicable statutes").

Therefore, Defendant's arguments are unpersuasive, and the Government's motion for turnover of $2,655.00 from the funds in Defendant's inmate trust account will be granted.

### D.  Conclusion

For the foregoing reasons, the Government's Motion for Turnover to Authorize Payment from Inmate Trust Account (ECF 105) is GRANTED. The BOP is ORDERED to turn over $2,655.00 in the inmate trust account of Defendant Juan Sandoval, Reg. 12725-027, to the Clerk of the Court to apply to the restitution owed in this case.

SO ORDERED.

Entered this 23rd day of July 2021.

/s/ Susan Collins  
Susan Collins  
United States Magistrate Judge