UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.  ) | Cause No. 1:13-CR-23-HAB |
| ) | |
| JUAN J. SANDOVAL ) | |

**OPINION AND ORDER**

Now before the Court are multiple requests by Defendant for compassionate release. (ECF Nos. 98, 103, 110). Because Defendant has failed to exhaust his administrative remedies, because COVID-19 is no longer a viable reason for compassionate release in this Circuit, and because the § 3553(a) factors do not support release, the requests will be denied.

**I.      Offense Conduct**

Defendant was indicted in 2013 on four counts related to Defendant's distribution of methamphetamine. The charges stemmed from an investigation involving multiple controlled buys of methamphetamine from Defendant. After serving a search warrant for Defendant's home, officer's discovered multiple firearms, including a sawed-off shotgun.

Defendant pleaded guilty to two counts: distribution of a schedule II-controlled substance and being a felon in possession of a firearm. He was sentenced in August 2015 to 168 months' imprisonment and four years of supervised release. His sentence was subsequently reduced to 135 months under United States Sentencing Commission Amendment 782. Defendant is currently housed at FCI Gilmer with an expected release date of November 30, 2022.

**II.     Legal Analysis**

Defendant's motion requests compassionate release. Generally, a court is statutorily prohibited from modifying a term of imprisonment once imposed. *See* 18 U.S.C. § 3582(c). A

handful of statutory exceptions exist, however, one of which allows a court to grant an inmate compassionate release if the inmate meets certain requirements. *See* 18 U.S.C. § 3582(c)(1)(A). Under this provision, a court may not modify a term of imprisonment except that –

> (1) in any case --
>
> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable, . . . finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction …
>
> … and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

18 U.S.C. § 3582(c)(1)(A)(i).

Because Defendant, not the Director of the BOP, filed the motion, Defendant must first show that he has satisfied the statutory exhaustion requirement. The Government has raised exhaustion as a defense. (ECF No. 102 at 5–7). Defendant has provided the Court with his request to the warden and the warden's response. (ECF No. 110-1 at 1–2). What he has not provided is proof that he exhausted the administrative remedies available to him after the warden's denial of his request. (*Id*. at 1) ("If you are not satisfied with this response to your request, you may commence an appeal of this decision via the administrative remedy process . . .."). **Complete** exhaustion of administrative remedies "is a mandatory, claim-processing rule and therefore *must* be enforced when properly invoked." *United States v. Sanford*, 986 F.3d 779, 782 (7th Cir. 2021) (original emphasis). Defendant's failure to avail himself of the administrative remedies in the BOP dooms his compassionate release requests.

Exhaustion aside, Defendant cannot establish the necessary "extraordinary and compelling reasons" for release. Congress did not define "extraordinary and compelling reasons" in the statute,

2

instead delegating the matter to the Sentencing Commission to promulgate a policy statement that "describe[s] what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples." 28 U.S.C. § 994(t). The policy statement, in United States Sentencing Guidelines ("U.S.S.G.") § 1B1.13 and the accompanying Application Notes, have not been amended to reflect the First Step Act's change to § 3582(c)(1)(A) allowing prisoners to bring compassionate release claims directly . *United States v. Gunn*, 980 F.3d 1178, 1180 (7th Cir. 2020)[1]. As a result, "§ 1B1.13 and its application notes provide useful – but not binding – guidance to courts in determining whether a defendant has identified an extraordinary and compelling reason for compassionate release." *United States v. Hoskins*, No. 2:99 CR 117, 2020 WL 7640408, at *2 (N.D. Ind. Dec. 23, 2020) (citing *Gunn*, 938 F.3d at 1180). Indeed, "[d]istrict judges must operate under the statutory criteria–'extraordinary and compelling reasons'–subject to deferential appellate review." *Gunn,* 980 F.3d at 1181.

Using the guidance of §1B1.13 to inform the statutory criteria, the court considers the medical condition of the defendant, his age, his family circumstances, and whether there is in the defendant's case an extraordinary or compelling reason "other than or in combination with" the other reasons described in the Application Notes.[2] Second, the Court determines whether the Defendant is "a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." U.S.S.G. § 1B1.13(2). Finally, the Court considers the § 3553(a) factors, "to the extent they are applicable." U.S.S.G. § 1B1.13.

---

[1] Yet as *Gunn* made clear, the policy statement's requirement that the court consider whether the reduction is otherwise "consistent with this policy statement" does not limit a district judge's discretion. This is because the statute by which the district court is bound requires a reduction to track "applicable policy statements." And the Sentencing Commission has not yet issued a policy statement "applicable" to the Defendant's request. Thus, *Gunn* held, "[a]ny decision is 'consistent with' a nonexistent policy statement." *Gunn*, 980 F.3d at 1180
!

Courts in this Circuit were once forced to go through an extended analysis when COVID-19 was raised as the extraordinary and compelling reason. That analysis is no longer necessary. In July, the Seventh Circuit all but eliminated COVID-19 as a basis for compassionate release under 18 U.S.C. § 3582(c)(1)(A). In *United States v. Broadfield*, 5 F.4th 801 (7th Cir. 2021), the court stated:

> Section 3582(c)(1)(A) was enacted and amended before the SARS-CoV-2 pandemic, and it will continue to serve a beneficent function long after the pandemic ends. But for the many prisoners who seek release based on the special risks created by COVID-19 for people living in close quarters, vaccines offer relief far more effective than a judicial order. A prisoner who can show that he is unable to receive or benefit from a vaccine still may turn to this statute, but, for the vast majority of prisoners, the availability of a vaccine makes it impossible to conclude that the risk of COVID-19 is an "extraordinary and compelling" reason for immediate release.

*Id*.

Vaccination is available to Defendant: as of today, 1167 inmates at FCI Gilmer have been fully vaccinated.[3] Nothing in Defendant's requests shows that he is medically unable to receive a vaccine. COVID-19, then, cannot provide Defendant with the relief he seeks.

Even if Defendant had not failed to exhaust administrative remedies, and even if Defendant had shown extraordinary and compelling reasons, the Court would find that the § 3553(a) factors do not support release. Defendant asserts that he was convicted of a "nonviolent offense," but the Court cannot agree. When officers searched Defendant's home, they found three firearms, including a sawed-off shotgun. The sawed-off shotgun specifically has no purpose other than to inflict bodily harm on a person threatening Defendant's drug business. If Defendant's offense was non-violent, it was only because law enforcement intervened. The Court finds that Defendant's

---

[3] https://www.bop.gov/coronavirus/index.jsp

135-month sentence is sufficient, but not greater than necessary, to serve the purposes of sentencing.

Defendant has completed more than a dozen educational classes while incarcerated. The Court sincerely commends him for his efforts toward bettering himself. But "[r]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason." 28 U.S.C. § 994(t). These courses will assist Defendant in re-integrating into society when he is released. Still, they will not push that release forward.

### III. Conclusion

For these reasons, Defendant's requests for compassionate release (ECF Nos. 98, 103, 110) are DENIED.

SO ORDERED on September 17, 2021.

    s/ *Holly A. Brady*
JUDGE HOLLY A. BRADY
UNITED STATES DISTRICT COURT